### HARDY v GUARANTEE TITLE & TR CO

Ohio Appeals, 9th Dist, Summit Co

No 2370.   Decided Feb 21, 1934

Scott A Belden, Akron, for plaintiff in error.

H. W. Slabaugh, Akron, for defendant in error.

"* * *

"* * *

## OPINION

By STEVENS, J.

The sole question here presented is whether or not plaintiff, by filing her proof of claim as a preferred creditor against the receiver of the Abstract Title Guarantee & Trust Co., made such an election as precludes her from pursuing defendant for the unpaid balance of the money due her.

The record discloses that plaintiff's action against defendant was filed and summons issued on March 30, 1932, and that service of summons was had on defendant on April 4, 1932. The action was hence "commenced," within the purview of §11231, GC, on March 30, 1932. Thereafter, plaintiff's proof of claim was filed with the receiver of the Abstract Title Guarantee & Trust Co.

If the doctrine of election of remedies has any application at all in this case, it is the opinion of this court that, by the filing of her suit against defendant, plaintiff elected to pursue defendant, and that what was thereafter done with reference to plaintiff's proof of claim against the Abstract Title Guarantee & Trust Co., and payment made thereon, inured to the benefit of defendant, and that defendant cannot therefore be heard to complain.

We do not find, however, that the two remedies pursued by plaintiff—i.e., suit against defendant and presentation of proof of claim against the receiver of the Abstract Title Guarantee & Trust Co.,—

were inconsistent remedies which would warrant application of the doctrine of election of remedies.

"What remedies are inconsistent with each other so as to require or to constitute an election between them, and what remedies are consistent so as not to require or to constitute an election between them is a matter to be determined by the facts in each case. No arbitrary rule can be enunciated the application of which will constitute a decisive test for all cases. Ordinarily, the question of inconsistency may be determined by a consideration of the relation of the parties with reference to the rights sought to be enforced as asserted in the pleadings, or in the relations between the parties which the different remedies suggest, or in the particular status or relation of the parties to the subject matter of litigation. To make them inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other. It is the inconsistency of the demands which makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of action are different."

20 C. J., "Election of Remedies," §8, pp. 9-11.

The evidence in the instant case discloses a situation where the affairs of defendant and of the Abstract Title Guarantee & Trust Co. were hopelessly intermingled. The conduct of that business was of such a nature that one would have been entirely justified in believing he was dealing with either or both of said companies. The perpetration of a fraud upon customers, under such circumstances, could most easily be accomplished.

We do not believe that the facts herein proved present a situation where one may or should be required to elect, at his peril, which company he will pursue to accomplish a satisfaction in full of his claim. In our opinion, the doctrine of election of remedies cannot properly be applied in this action.

It follows as our conclusion that the trial court erred in directing a verdict for defendant, and for that error, the judgment of the Court of Common Pleas will be reversed, and this cause remanded for further proceedings according to law.

WASHBURN, PJ, and FUNK, J, concur in judgment.